**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK DESMON DANIELS,

        Petitioner,               Case Number: 2:17-CV-14108
                                                HONORABLE VICTORIA A. ROBERTS

v.

MELINDA K. BRAMAN,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

Michigan state prisoner Mark Desmon Daniels filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for first-degree child abuse, Mich. Comp. Laws § 750.136b(2), and second-degree child abuse, Mich. Comp. Laws § 750.136b(3). Respondent, through the Attorney General's Office, filed a motion to dismiss arguing that the petition was not timely filed.[1] The Court finds the petition is untimely and equitable tolling of the limitations period is unwarranted. The Court will grant the motion to dismiss.

**I. Background**

On May 28, 2015, Petitioner pleaded no contest in Washtenaw County Circuit Court to first- and second-degree child abuse, pursuant to a sentencing agreement of five

---

[1] Respondent also filed a "Motion for Leave to File Responsive Pleading *Instanter*," requesting that this Court accept the motion to dismiss, which was filed one day late. Respondent's failure to timely respond was the result of excusable neglect and the responsive pleading shall be accepted for filing and considered by the Court.

to twenty years for first-degree child abuse and five to ten years for second-degree child abuse. On July 2, 2015, the trial court sentenced Petitioner in accordance with the plea agreement.

The Michigan Court of Appeals denied Petitioner's application for leave to appeal. *People v. Daniels*, No. 331043 (Mich. Ct. App. March 8, 2016). On September 6, 2016, the Michigan Supreme Court also denied leave to appeal. *People v. Daniels,* 500 Mich. 856 (Mich. 2016).

Petitioner filed the pending habeas petition on December 15, 2017. Respondent filed a motion to dismiss on the ground that the petition was not timely filed. Petitioner has not filed a response to the motion.

## II. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner is not relying on a new and retroactive constitutional right or on newly-discovered facts. He also has not alleged that an impediment caused by state action prevented him from filing a timely petition. Thus, his conviction became final and the limitations period commenced at "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A),

The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 6, 2016. *People v. Daniels,* 500 Mich. 856 (Mich. 2016). Petitioner did not petition for a writ of certiorari with the United States Supreme Court. Thus, his conviction became final on December 5, 2016, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on December 6, 2016, and continued to run until it expired one year later, on December 6, 2017. The petition is

untimely absent equitable tolling of the limitations period.

Petitioner argues that he is actually innocent. A credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399-400 (2013). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented [in state court]." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]enable actual innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 332).

Petitioner argues that he is actually innocent, but presents no new, reliable evidence to support this claim. Self-serving, conclusory assertions of innocence are insufficient to support an actual innocence claim. *Stewart v. Harry*, No. 17-1494, 2017 WL 9249946, *2 (6th Cir. Nov. 21, 2017). "A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007). Petitioner's actual innocence claim, supported only by his own claims of innocence, is insufficient to warrant equitable tolling.

### III. Certificate of Appealability

Under Federal Rule of Appellate Procedure 22, before Petitioner may appeal the Court's decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. §

2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's holding that the petition is untimely. The Court denies a certificate of appealability.

### IV. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion to Dismiss (ECF No. 7) and the petition for a writ of habeas corpus is DISMISSED.

The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Court GRANTS Respondent's Motion for Leave to File Responsive Pleading *Instanter* (ECF No. 6).

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: 3/22/19